# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER TENORIO PLATA, an individual, ALFONSO VICTOR INCLAN COSTA, an individual, GERMAN VASQUEZ FIGUEROA, an individual, MICHELL ARIANNE CURTO GONGORA, an individual, CARLOS ACEVEDO MENDOZA, an individual, RUBEN ARMAND ROBLES DIAZ, an individual, GRACIELA HERRERA RODRIGUEZ, an individual, MARIA DE LOS ANGELES SANDOVAL, an individual, REINALDO RODRIGUEZ VELASQUEZ, an individual, BRAULIO ALBERTO DELGADO BRASIA, an individual, FRANCISCA GASTELUM ARAGON, an individual, MARIA DE LA VILLANET SANCHEZ GUZMAN, an individual, YADIRA CAMBREROS PINEDA, an individual, REBECCA GUTEIRREZ JUAREZ, an individual, and MARTHA HUIZAR N., an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DARBUN ENTERPRISES, INC., a California corporation; OEM SOLUTIONS, LLC, a California limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 10cv1339 - IEG (CAB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY** <br><br> [Doc. No. 5] |

    This is a diversity action in which Plaintiffs seek recognition of a foreign judgment pursuant to California Civil Procedure Code §§ 1713 et seq. Presently before the Court is a motion to dismiss

for failure to join an indispensable party brought by Defendant Darbun Enterprises, Inc. For the reasons discussed herein, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiffs are Mexican citizens seeking recognition of a foreign judgment against Defendant Darbun Enterprises LLC. On January 12, 2009, Plaintiffs filed a complaint in this Court in case number 09-cv-0044 ("original action"). The Court dismissed the original action on May 6, 2010 because it determined that Plaintiff Delores Galvez Montes was a resident of California and her presence in the action destroyed diversity for jurisdictional purposes. (Doc. No. 120.) Following dismissal, on May 21, 2010, Defendant filed a motion for sanctions, arguing that opposing counsel's bad faith in filing and maintaining the original action in federal court was in bad faith in that it recklessly multiplied the proceedings. (Doc. No. 122.) On June 25, 2010, Plaintiffs filed their opposition to Defendant's motion for sanctions in the original action. (Doc. No. 132.) In their opposition, Plaintiffs stated that the non-diverse parties would file an action in state court to enforce the judgment and then request a stay pending resolution of this action.[1] (See id.) On August 13, 2010, the Court granted the Defendant's motion for sanctions in the original action. (Doc. No. 138.) Plaintiffs have appealed and Defendant filed a cross-appeal as to the amount of the award. (Doc. Nos. 139, 149.)

On June 24, 2010, Plaintiffs filed the instant action. (Doc. No. 1.) The complaint in this action is substantively identical to the complaint in the original action, except the complaint in the original action included two additional Plaintiffs, Delores Galvez Montes and Luis Delgado Picasso. Defendant filed the present motion on November 10, 2010. (Doc. No. 5.) Plaintiff filed an opposition and Defendant filed a reply. (Doc. Nos. 6, 7.) The Court heard oral argument on December 13, 2010. (Doc. No. 9.)

///
///
///
///

---

[1] Defendant is unaware of any state court action having been filed. See Def.'s Mot. at 1.

**DISCUSSION**

**I.    Legal Standard**

In a motion to dismiss for failure to join and indispensable party, the Court must engage in a two-part analysis. First the Court must determine if an absent party is "necessary to the suit." Fed. R. Civ. P. 19(a). An absent party is "necessary to the suit" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by result of the claimed interest.

Fed. R. Civ. P. 19(a).

If an absent party is necessary, and if that party cannot be joined,[3] the Court must assess whether the party is indispensable so that "in equity and good conscience" the suit should be dismissed. Fed R. Civ. P. 19(b); Clinton v. Babbit, 180 F.3d 1081, 1088 (9th Cir. 1999) (quoting Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). The moving party has the burden of persuasion in arguing for dismissal. Clinton, 180 F.3d at 1088 (citation omitted).

In deciding whether the suit should be dismissed, the Court should consider (1) the extent to which a judgment rendered in the necessary party's absence would result in prejudice to that person or the existing parties; (2) the extent to which the Court may shape relief or otherwise avoid or reduce such prejudice; (3) whether a judgment rendered in the necessary party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b).

**III. Analysis**

Defendant maintains that all parties to the foreign judgment are joint obligees, and as such, the absent parties are indispensable parties under Nike, Inc., v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994) and Bry-Man's, Inc. v. Stute, 312 F.2d 585, 587 (5th Cir. 1963). See Def.'s Mot. at 2; Def.'s Reply at 3.

---

[3] In this case, however, there is no question that joinder is not feasible. Joinder would destroy diversity, as it did in the original action. See 28 U.S.C. § 1367(b).

Plaintiffs respond that the absent parties are not "necessary." See Pl.'s Opp. at 2-5. To start, Plaintiffs contend that the absent parties are not necessary because their interests are adequately protected by the existing parties, and that the Court can protect the interests of the existing parties by ruling as to whether or not the Mexican judgment is valid. Id. at 2-3. Next, Plaintiffs argue that because the Mexican judgment specifies an award for each party, Defendant is mistaken in arguing that the parties to the Mexican judgment are joint obligees. Id. at 3. Because the awards are individualized, Plaintiffs also maintain there is no risk Defendant will be subject to inconsistent obligations. Id. at 4.

Plaintiffs argue that, of the four factors in Rule 19(b), only the last factor (whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder) supports dismissal because, if the action were dismissed, Plaintiffs would have an adequate remedy by re-filing the action in the state court, and that none of the remaining factors supports dismissal. Id. at 5. Arguing there is no prejudice to the existing parties or absentees, Plaintiffs maintain the absentees would stipulate to be bound by the judgment of this Court, that the Court can find the absentees are in privity with the current Plaintiffs, or that the Court can require the absentees to be bound by the Court's judgment. Id. at 6. Last, Plaintiffs argue any judgment rendered in the parties' absence is adequate, since the Mexican judgment itemizes damages for each of the many Plaintiffs and the Court may award damages to the parties based on their individual entitlement. Id.

In its reply, Defendant argues that under California Code of Civil Procedure § 1719, the Court must either recognize the foreign judgment or not recognize the foreign judgment, and that there is no provision in the statute allowing courts to fashion new and/or separable judgments with varying relief, damages or parties. See Def.'s Reply at 1-2. As a consequence, Defendant raises the prospect that this Court could find the Mexican judgment enforceable in California while, at the same time, the state court could find the Mexican judgment is not enforceable. Id. Under those circumstances, Defendant contends it would be subject to inconsistent obligations under Rule 19(a). Id. Defendant also argues that the absent parties' offer to file in state court and stipulate to be bound by the federal court ruling serves to demonstrate that they are indispensable parties. See id. at 3-4.

California Code of Civil Procedure § 1719 provides "If the court . . . finds that the foreign-country judgment is entitled to recognition under this chapter then, . . . the foreign country

judgment is both of the following: (a) Conclusive between the parties to the same extent as the judgment of a sister state . . . (b) Enforceable in the same manner and to the same extent as a judgment rendered in this state" (emphasis added).

Section 1719 does not specify whether the foreign judgment is conclusive between the (1) parties *to the foreign judgment* or (2) between the parties *to the case at bar*. If the first interpretation is correct, there is a substantial risk Defendant would incur inconsistent obligations in federal and state court—that is, an order stating the Mexican judgment is enforceable and an order stating the Mexican judgment is not enforceable. By contrast, if the second interpretation is correct, Defendant would not be subject to inconsistent obligations and, as a technical matter, the Court's ruling would not affect the absent parties' interests. However, Rule 19(a) establishes that an absent party is necessary if, "as a practical matter," a judgment will impair or impede the person's ability to protect that interest. As a practical matter, the Court's ruling on whether to recognize the Mexican judgment may impair or impede the absent parties' interests. In deciding whether to recognize the foreign judgment, the Court would not analyze the foreign judgment in reference to individual plaintiffs or individual damages awards; it would evaluate only the essential grounds for refusal of recognition, such as whether the foreign court had jurisdiction over the defendant, whether the foreign court had jurisdiction over the subject matter, and so on. See Cal. Civ. Proc. Code §§ 1713 et seq. As a consequence, whether or not the absent parties are named Plaintiffs in this case, the Court would inevitably decide issues directly affecting their interest in recognition of the Mexican judgment. Indeed, the absent parties have offered to "stipulate to be bound by the judgment entered in this Court," Pl.'s Opp. at 5, demonstrating that the parties' interests are "inextricably bound together in one cause," Bry-Man's, Inc. v. Stute, 312 F.2d 585, 588 (5th Cir. 1963); American Ins. Co. v. Bradley Mining Co., 57 F. Supp. 545, 547-48 (D. Cal. 1944).[4] Under the circumstances of this case, the Court concludes the absent parties are necessary parties under Rule 19(a) and, in doing so, adheres to the interests furthered by Rule 19, which are "not only those of the parties but also that of the public in avoiding repeated lawsuits on the same essential

---

[4] The Court's inquiry under Rule 19(a) is not affected by the absent parties' offer to stipulate to be bound by the Court's judgment. Such an offer cannot confer jurisdiction where it does not otherwise exist. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (holding that "though the parties are prepared to concede it," the Court had an independent duty to evaluate whether it had jurisdiction under Article III of the Constitution and the statutes enacted by Congress pursuant thereto).

subject matter." CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991) (citing Fed. R. Civ. P. 19 advisory committee's note).

The Court has already determined that the absent parties cannot be joined. See Plata v. Darbun Enters., Inc., No. 09-cv-0044, 2010 WL 1875705, at *1 (S.D. Cal. May 6, 2010) (dismissing case for lack of subject jurisdiction). The only remaining question is therefore whether, under Rule 19(b) of the Federal Rules of Civil Procedure, equitable factors weigh in favor of dismissal. If this action were dismissed for nonjoinder, Plaintiffs would have an adequate remedy: re-filing this action in state court. As stated above, under California Civil Procedure Code § 1719, the Court is confined to a ruling that either recognizes or does not recognize the Mexican judgment. As a consequence, proceeding among the existing parties poses a substantial risk of prejudice to Defendant or the absent parties (depending on how the Court interprets the statute), and the Court is unable to grant relief in a fashion that would mitigate such risk. Accordingly, the Court concludes that this action should not proceed among the existing parties and **DISMISSES WITH PREJUDICE** Plaintiffs' complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion and **DISMISSES WITH PREJUDICE** Plaintiffs' complaint.

**IT IS SO ORDERED.**

**DATED: January 12, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**